Opinion issued May 15, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00079-CV




MARIA URENA, INDIVIDUALLY AND AS NEXT FRIEND FOR
L. U., A MINOR, Appellant

V.

WESTERN INVESTMENTS, INC., FRONT ROYALE APARTMENTS,
WESTERN INVESTMENTS D/B/A FRONT ROYALE APARTMENTS, RON
DEUTSCH, WARREN DEUTSCH, AND KATE MICHON, INDIVIDUALLY,
Appellees




On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2000-12496 




MEMORANDUM OPINION
 
          Appellant, Maria S. Urena, individually and as next friend for L. U., appeals
a summary judgment in favor of appellees, Western Investments (Front Royale
Apartments), Ron Deutsch, Warren Deutsch, and Kate Michon. On November 6,
1999, L. U., a minor, was sexually assaulted at the Front Royale Apartments. 
          In two points of error, appellant asserts that the trial court erred in granting
summary judgment because (1) sufficient evidence of simple negligence was
presented, and (2) sufficient evidence to support a claim under premises liability
showing that the injuries inflicted were proximately caused by the breach of
appellee’s duty to appellant was presented.
          We reverse and remand.Background
          Maria Urena and her minor children, S. U. and L. U., resided in the Front
Royale Apartments complex in Houston. Urena’s sister, Araceli Grimaldo, lived in
the same complex. Another sister, Olga Grimaldo, lived in the English Oaks
Apartment complex located across the street from the Front Royale Apartments.
          On November 6, 1999, Urena left L. U. with Araceli while she went to work. 
While playing inside at Araceli’s apartment, L. U. decided to return to his apartment
in order to bring over some of his own toys. As he was returning to his apartment
unit, L. U. was lured into an apartment occupied by Miguel Angel Zuniga, through
Zuniga’s promise of a dollar bill. Zuniga sexually assaulted L. U.. Immediately after
the assault, L. U.’s aunts discovered what had happened. A couple of his aunts went
to Zuniga’s apartment and confronted Zuniga, while one aunt called the police. 
Zuniga fled before the police arrived and has never been found. A subsequent
criminal investigation revealed that Zuniga had two convictions for traffic offenses,
but no violent or sexual assault convictions. 
Standards of Review
          This is an appeal from the trial court’s grant of appellees’ motion for summary
judgment against appellant on all asserted causes of action. The motion for summary
judgment was based on both traditional and no-evidence grounds. Tex. R. Civ. P.
166a(c),(i). In their motion for summary judgment, appellees asserted that they owed
no duty to appellant because there was no fact issue or no evidence as to the
foreseeability requirement of appellant’s claim, and that, thus, the crime could not be
deemed the proximate cause of L. U.’s injury 
Traditional Summary Judgment
          A traditional summary judgment under Rule 166a(c) is proper only when the
movant establishes that there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In reviewing a summary judgment, we
indulge every reasonable inference in favor of the non-movant and resolve any doubts
in its favor. Johnson, 891 S.W.2d at 644; Lawson v. B Four Corp., 888 S.W.2d 31,
33 (Tex. App.—Houston [1st Dist.] 1994, writ denied). We take all evidence
favorable to the non-movant as true. Johnson, 891 S.W.2d at 644; Lawson, 888
S.W.2d at 33. As movant, the defendant is entitled to summary judgment if the
evidence disproves, as a matter of law, at least one element of each of the plaintiff’s
causes of action or conclusively establishes each element of an affirmative defense. 
Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996).
No-evidence Summary Judgment
          When reviewing a no-evidence summary judgment, we must consider the
evidence in the light most favorable to the non-movant and make all inferences in the
non-movant’s favor. Tex. R. Civ. P. 166a(i); Morgan v. Anthony, 27 S.W.3d 928, 929
(Tex. 2000); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994
S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A no-evidence
summary judgment is properly granted if the non-movant fails to produce more than
a scintilla of evidence to raise a genuine issue of material fact as to an essential
element of the non-movant’s claim on which the non-movant would have the burden
of proof at trial. Flameout Design & Fabrication, 994 S.W.2d at 834. More than a
scintilla of evidence exists when the evidence “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.” See Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).
          When a trial court does not state the basis for its decision in its summary
judgment order, as in this case, we must uphold the order if any of the theories
advanced in the motion is meritorious. Rogers v. Ricane Enters., Inc., 772 S.W.2d
76, 79 (Tex. 1989).
Analysis
Negligence
          In her first point of error, appellant asserts that the trial court erred in granting
summary judgment because there was sufficient evidence of simple negligence.
          Appellant contends that summary judgment was erroneously granted because
it was based on Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749
(Tex. 1998). In the first point of error, appellant asserts that this is not a Timberwalk
case because Timberwalk addresses a landlord’s liability for attacks by unknown
persons; appellant contends that this is an ordinary negligence case based on
appellees’ failure to protect against a known threat from a known individual. This is
a distinction without a legal difference. 
          To recover in negligence, a plaintiff must establish a legal duty owed by the
defendant, a breach of that duty, and damages proximately caused by that breach. Lee
Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001). The threshold
inquiry in a negligence case is whether the defendant owes a legal duty to the
plaintiff. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). The
existence of a legal duty presents a question of law for the court to determine from
the facts surrounding the occurrence in question. Id.
          In Timberwalk, the supreme court distinguished between liability for negligent
activity and premises liability for failing to remedy an unreasonable risk of harm due
to the condition of the premises. 972 S.W.2d at 753. It held that recovery for
negligent activity requires that a person have been injured by the activity itself rather
than by a condition created by the activity; whereas, recovery for premises liability
depends upon a failure to use ordinary care to reduce or eliminate an unreasonable
risk of harm created by a premises condition the owner (or occupier) knows about or,
in the exercise of ordinary care, should know about. Id. The court held that a
complaint that a landowner failed to provide adequate security against criminal
conduct is ordinarily a premises liability claim. Id. at 753. 
          In Timberwalk, a tenant who was raped in her apartment sued the landlord and
management company for negligent failure to provide adequate security. Id. at 751.
The tenant asserted that the landlord’s failure to provide adequate security measures
created an unreasonable risk of harm that the landlord knew or should have known
about and yet failed to correct. Id. at 753. The court held that it was a premises
liability claim and that the lower court had properly refused a request to charge the
jury under a negligent activity theory. Id. Appellant’s claim falls squarely within the
scope of Timberwalk. 
          We disagree with appellant’s contention that, because Zuniga was a known
person (a tenant), Timberwalk does not apply to this situation. Although Timberwalk
involves an attack by a non-tenant, and this case involves an attack by another tenant,
Timberwalk outlines the necessary requirements to establish a duty to protect invitees
from criminal acts of a “third person.” We do not agree that a “third person” is
limited to non-tenants or unknown persons. We conclude that the law set forth in
Timberwalk applies both to known persons, such as tenants, and to unknown persons,
such as non-tenants, and that this case is properly construed as a premises liability
case, not a negligence case. We hold that Timberwalk is the appropriate standard, and
therefore, address whether summary judgment was proper, following the Timberwalk
analysis.
          We overrule appellant’s first point of error.
Premises Liability
          In their motion for summary judgment, appellees claimed that they neither had
a duty to appellant nor was the criminal act the proximate cause of L. U.’s injuries
because the criminal act was not foreseeable. In her second point of error, appellant
contends that she presented sufficient summary judgment evidence to show that a
genuine issue of material fact existed as to whether the sexual assault was foreseeable
by appellees. 
          Foreseeability is a component of both duty and proximate cause. Greater
Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990) (recognizing
foreseeability is foremost and dominant consideration in determining whether a duty
exists); Doe v. Boys Club of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995). 
Proximate cause incorporates two elements: cause-in-fact and foreseeability. Id.
          Although foreseeability is a component of both duty and proximate cause,
Texas courts have not clearly defined the relationship existing between duty,
proximate cause, and foreseeability. The Texas Supreme Court’s opinion in Mellon
Mortgage Company v. Holder, reflects this lack of clarity. 5 S.W.3d 655 (Tex. 1999).
The three-justice plurality opinion in Mellon asserts that the foreseeability analysis
is the same for both duty and proximate cause. Id. at 659. On the other hand, the
three-justice dissenting opinion and Justice Baker’s concurrence suggest that the
focus of the foreseeability analysis should be on proximate cause instead of duty. Id.
at 663. Regardless of the distinction between foreseeability as an element of duty and
foreseeability as an element of proximate cause, we examine foreseeability generally
to resolve this appeal.
          Foreseeability is the dominant consideration in determining whether a duty
exists. Greater Houston Transp. Co. 801 S.W.2d at 525. In general, there is no legal
duty to protect another from criminal acts of a third person. Timberwalk, 972 S.W.2d
at 756. However, an exception is that “[o]ne who controls . . . premises does have a
duty to use ordinary care to protect invitees from criminal acts of third parties if he
knows or has reason to know of an unreasonable and foreseeable risk of harm to the
invitee.” Id. This exception applies to landlords who retain control over the security
and safety of the premises. Id. Here, it is undisputed that Front Royale retained
control over the security and safety of the premises. The question, therefore, is
whether appellee established as a matter of law that it had no duty to protect its
tenants from sexual assault at the complex. 
          Under the Timberwalk analysis, the foreseeabilty of an unreasonable risk of
criminal conduct is a prerequisite to imposing a duty of care on a person who controls
premises to protect others on the property from risk. Id. “Foreseeability is the
beginning, not the end, of the analysis in determining the extent of the duty to protect
criminal acts of third parties.” Id. (quoting Lefmark Management Co. v. Old, 946
S.W.2d 52, 59 (Owen, J., concurring) (Tex. 1997)).
          A duty exists only when the risk of criminal conduct is so great that it is both
unreasonable and foreseeable. Timberwalk, 972 S.W.2d at 756. Factors the court
should consider in determining whether certain criminal conduct should have been
foreseeable are (1) whether any criminal conduct previously occurred on or near the
property, (2) how recently it occurred, (3) how often it occurred, (4) how similar the
conduct was to the conduct on the property, and (5) what publicity was given the
occurrences to indicate that the landowner knew or should have know about them. 
Id. at 757. We review these factors to determine whether the criminal conduct was
foreseeable and thus, whether appellee owed a duty to appellant.
          For a landowner to foresee criminal conduct on property, there must be
evidence that other crimes have occurred on the property or in its immediate vicinity. 
Id. The court emphasized that criminal activity occurring farther from the
landowner’s property becomes less relevant than crime in the immediate vicinity. See
id. The occurrence of a significant number of crimes within a short time period
strengthens the claim that the particular crime at issue was foreseeable. Id. at 758. 
The complete absence of previous crimes, or the occurrence of a few crimes over an
extended time period, negates the foreseeability element. Id. Although prior crimes
need not be identical, they must be sufficiently similar to the crime in question to
place the landowner on notice of the specific danger. Id. Finally, the publicity
surrounding the previous crimes helps determine whether a landowner knew or
should have known of a foreseeable danger. Id. Actual notice by the landlord
strengthens the claim that future crime was foreseeable, but unreported criminal
activity is no evidence of foreseeability. Id. at 758-59. Property owners have no duty
to regularly inspect criminal records to determine the risk of crime in the area. Id. at
759. A landlord can be expected to have knowledge of widely publicized criminal
activity. Id. These factors—proximity, recency, frequency, similarity, and
publicity—must be considered together in determining whether criminal conduct was
foreseeable. Id. 
          In Timberwalk, no violent personal crime had occurred at the Timberwalk
Apartments for 10 years preceding the tenant’s sexual assault. Id. at 759. The only
crimes in the complex involved a tire-slashing, car burglary, and a car theft. Id. In the
year preceding the sexual assault, only one sexual assault had occurred within a one-mile radius of the Timberwalk Apartments. Id. Although six assault-type crimes
occurred in neighboring complexes, there was no evidence that they had been
publicized or that Timberwalk had knowledge about them. Id. Based on these
factors, the Timberwalk court held that the risk of sexual assault was not foreseeable
to Timberwalk, and, therefore, no duty was owed to provide additional security. Id.
          In this case, by contrast, appellant offered police records of eight crimes that
occurred at the Front Royale Apartments in the three years before this crime. A
synopsis of the crimes is as follows:
          1.       Attempted Sexual Assault - March 1, 1997
          2.       Robbery - March 31, 1997
          3.       Aggravated Assault - September 8, 1998
          4.       Aggravated Robbery - November 14, 1998
          5.       Capital Murder - January 6, 1999
          6.       Murder - August 27, 1999
          7.       Aggravated Robbery - September 1, 1999     
          8.       Aggravated Robbery - October 30, 1999
 
          One of the murders involved a tenant and his guest, while the other murder
appears to have been an outsider (possibly gang related) who murdered a tenant near
the laundry facilities. The attempted sexual assault involved an adult male tenant and
his neighbor adult female tenant. The aggravated robbery in September of 1999 
involved the robbery of an apartment complex employee by possible gang members. 
          The previous crimes must be sufficiently similar to the crime in question as to
place the landowner on notice of the specific danger. Id. at 758. However, the prior
crimes need not be identical. Id. In Timberwalk, for example, the court held that
prior incidents of vandalism and theft did not make the stabbing of a guest
foreseeable. Id. However, a string of assaults and robberies in an apartment complex
makes the risk of other violent crimes, such as murder and rape, foreseeable. Id.
          We apply the factors—proximity, recency, frequency, similarity, and publicity—to
the evidence before us. Appellant presented evidence of eight crimes; seven crimes
occurred on the apartment complex premises and one crime occurred very near the
complex as a tenant was walking from his apartment. A significant number of violent
crimes occurred at the Front Royale Apartments within a period of less than three years,
in contrast to no violent crimes at the Timberwalk apartments in the Timberwalk case in
the preceding 10 year period. Although none of the earlier identified crimes in this case
was identical to the sexual assault of L. U., they were sufficiently similar in that they
were violent personal crimes, making the risk of other violent crimes foreseeable. See
id. Additionally, evidence was presented that, not only did appellees have actual
knowledge of many of these crimes, but many of the tenants had heard about some of the
crimes, thus satisfying the publicity element.
          Applying the Timberwalk factors to the summary judgment evidence, which we
viewed in the light most favorable to the appellant, we conclude that the summary
judgment evidence showed a genuine issue of material fact exists regarding whether it
was reasonably foreseeable to appellees that the residents of Forest Royale Apartments
would be subjected to violent criminal acts, including sexual assault. Thus, a genuine
issue of material fact exists as to whether appellees owed appellant a legal duty to protect
her and her family from the criminal acts of third parties. 
          Having established that there is a genuine issue of material fact as to the legal duty
owed by appellees to appellant, we now turn to examining the existence of proximate
cause. As previously stated, the two elements of proximate cause are cause-in-fact and
foreseeability. Boys Club of Greater Dallas, 907 S.W.2d at 477. We have decided that
a genuine issue of material fact exists with respect to foreseeability. Accordingly, a
genuine issue of material fact also exists as to proximate cause.
          We sustain appellant’s second point of error and hold that the trial court erred in
granting summary judgment.Conclusion
          We reverse the judgment of the trial court and remand for further proceedings
except as to appellant’s causes of action for breach of contract, implied warranty of 

habitability, and violations of the Deceptive Trade Practices Act.



 
 
                                                                                            
                                                             Laura C. Higley 
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Higley.